# BROWN *v.* BLOOD.

---

PATENTS; INTERFERENCE; ABANDONMENT AND CONCEALMENT OF INVENTIONS.

1. Where, in an interference between an applicant and a patentee, involving priority of invention of a machine-knit stocking, it appears, beyond any doubt, that the applicant conceived and reduced to practice before conception by his opponent, but the applicant failed to apply for a patent, and to manufacture and to put his new stocking on the market for about two years, because of business reverses and poverty and inability to obtain assistance from others, he is not guilty of such concealment of his invention or lack of diligence as will deprive him of an award of priority (distinguishing *Mason* v. *Hepburn*, 13 App. D. C. 86; as distinguished in *McBerty* v. *Cook*, 16 App. D. C. 133; *Esty* v. *Newton*, 14 App. D. C. 50; and *Oliver* v. *Felbel*, 20 App. D. C. 255).

2. Where the junior party to an interference did not manufacture his invention of a machine-knit stocking for two years after conception and reduction to practice, but during that time took out a patent on a machine for making "tubular lace-work," which would seem to embrace the stocking, it was *held* that it was not unreasonable to suppose that he might have had the idea that the stocking which he had himself produced on the machine was a mere natural result of the operation of the machine and, therefore, not patentable, and that he was not guilty of concealment of the invention of the stocking from the public, or deprived of his right to a patent therefor.

3. Testimony in an interference case by the senior party to show that a third person, not a party to the proceeding, was the original inventor, and not the junior party, will not be considered (following *Foster* v. *Antisdel*, 14 App. D. C. 552).

No. 227. Patent Appeals. Submitted May 12, 1903. Decided June 3, 1903.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Marcellus Bailey* and *Mr. J. Walter Douglass* for the appellant.

*Mr. J. H. Whitaker, Mr. George A. Prevost,* and *Mr. Lewis P. Whitaker* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference case involving the invention of the following issue:

1. A machine-knit stocking having a toe, foot, heel, and leg portion knit continuously from a single thread at one operation, the rear portion of the leg and foot and the entire heel and toe portions of the stocking being formed of plain knitted meshes and the front of the leg and the instep portions of the foot of the stocking being formed of alternate sections of regular and open or lace work meshes.

2. A machine-knit stocking formed of a single thread at one continuous operation, said stocking having along the front of the leg and over the instep of the foot portion of the stocking, alternate sections of regularly-knit and open or lace work stitches, said open or lace work stitches consisting of alternate rows of crossing threads and long loose loops locked together, and the remainder of the stocking being formed of regularly-knit stitches.

The appellant, Henry Brown, is the senior party, having filed his application on August 28, 1900, upon which a patent issued February 26, 1901.

The appellee, George Blood, filed his application April 27, 1901.

The several tribunals of the Patent Office all agreed, upon a review of the evidence, that the appellee had conceived the invention in April, 1899, had invented an attachment to a knitting-machine then in use, and had finally reduced the invention to practice by manufacturing a dozen pairs of stockings answering all the requirements of the issue; and that this antedated the conception of the invention by the appellant. They were satisfied of these facts beyond any doubt, and their unanimous conclusion has been practically conceded on the argument. Appellant's contention, also made and unanimously overruled in the Patent Office, is that appellee lost his right to claim the invention, as against the appellant, by reason of his deliberate concealment and suppression of the same within the doctrine announced by this court in *Mason* v. *Hepburn,* 13 App. D. C. 86, 95.

We agree with the Commissioner and the other tribunals, that the evidence does not establish a case of concealment and suppression sufficient to subordinate the first inventor to the right of the second, but more diligent one. The rule of *Mason* v. *Hepburn* is a strict one, and we have several times had occasion to say that it will not be extended to any case not falling clearly within it. *McBerty* v. *Cook,* 16 App. D. C. 133, 139; *Esty* v. *Newton,* 14 App. D. C. 50, 53; *Oliver* v. *Felbel,* 20 App. D. C. 255, 261.

The failure of the appellee to manufacture the new stocking and put it upon the market, as well as his delay in applying for a patent, are reasonably well accounted for by the evidence showing the sudden collapse of the business in which he had been engaged, his poverty, and ineffectual efforts to obtain assistance from others. There is, however, another and important circumstance tending to exonerate the appellee from the charge of concealing his invention from the public. The open-work stocking was not a new thing at the time of this invention, but was well known to the trade. These had all been made upon machines operating a plurality of threads.

Appellee conceived the idea of knitting them from a single thread. Following up this idea, he devised an attachment which, when completed and used upon one of his old machines, made

the stockings that established his reduction to practice on May 15, 1899. He applied for a patent for this new machine on July 27, 1899, and the same was issued May 21, 1901. The specification and claims of the application do not in terms mention the production of the lacework stocking of the issue as the function of the machine, but they use the broader term of "tubular lacework," which would seem clearly to embrace the stocking. It was practically giving information of the stocking as within the capability of the improved machine. It is not unreasonable, also, to suppose that the appellee might have had the idea that the stocking which he himself had produced on the machine was a mere natural result of its operation—a function of the machine, and therefore not patentable.

Such evidence as was introduced tending to show that appellee was not an original inventor, but indebted to others for his ideas, has not been considered. *Foster* v. *Antisdel,* 14 App. D. C. 552, 555.

There is no error in the decision rendered, and it is *affirmed. This decision will be certified to the Commissioner of Patents as required by law.*